UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RALPH A. PATTERSON,

                                    Plaintiff,

        v.                                                                    9:20-CV-1365
                                                                              (MAD/TWD)


THE PEOPLE OF THE STATE OF NEW YORK, et al.,

                                    Defendants.

_____

APPEARANCES:

RALPH A. PATTERSON
20-B-0158
Plaintiff, pro se
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

### I.        INTRODUCTION

        Pro se plaintiff Ralph A. Patterson ("plaintiff") commenced this action in the Western

District of New York ("WDNY") on or about October 2, 2020.  At that time, plaintiff filed a

document captioned as a "Notice of Tort Claim for Summary Judgment," Dkt. No. 1

("Compl."), which the Court has liberally construed as a complaint, as well as a motion to

proceed in the action in forma pauperis ("IFP"), Dkt. No. 2.  On October 30, 2020, Chief

WDNY District Judge Frank P. Geraci, Jr., issued an Order transferring the action to this

District.  Dkt. No. 3.  Upon receipt of the action in this District, this Court issued an Order on

November 5, 2020, closing the action because plaintiff had not complied with the filing fee requirements for commencing an action in this District.  Dkt. No. 5.  Plaintiff was advised that, if he wished to pursue this action, he must either pay the full filing fee or submit a new, completed, and signed IFP application.  *Id.* at 3.  On November 23, 2020, the Court received plaintiff's second IFP application, Dkt. No. 6, as well as a motion for summary judgment, Dkt. No. 8.

The Clerk has now forwarded plaintiff's second IFP application, complaint, and motion for summary judgment to the Court for review.

## II.   IFP APPLICATION

Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."[1]  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee at the time . . . of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed and signed IFP

---

[1]  Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  PACER Case Locator, https://pcl.uscourts.gov/pcl/pages/search/findPartyAdvanced.jsf (last visited Dec. 22, 2020).  Based on that review, it does not appear that plaintiff had accumulated three strikes for purposes of Section 1915(g) as of the date this action was commenced.

application, Dkt. No. 6, that demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).

Plaintiff has also filed the inmate authorization form required in this District.  Dkt. No. 7.

Accordingly, plaintiff's IFP application is granted.

### III.    SUFFICIENCY OF THE COMPLAINT

#### A.    Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall

dismiss the case at any time if the court determines that. . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]

Thus, even if a plaintiff satisfies the financial criteria to commence an action IFP, it is the

court's responsibility to determine whether the plaintiff may properly maintain the complaint

that he filed in this District before the Court may permit him to proceed with the action IFP.

*See id*.

Likewise, under 28 U.S.C. § 1915A ("Section 1915A"), a court must review any

"complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity" and must "identify cognizable claims or

dismiss the complaint, or any portion of the complaint, if the complaint. . . is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary

relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr*

*v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that Section 1915A applies

"to all civil complaints brought by prisoners against governmental officials or entities

---

[2]  A complaint is frivolous for purposes of Section 1915 when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

regardless of whether the prisoner has paid the filing fee"); *Abbas v. Dixon*, 480 F.3d 636,

639 (2d Cir. 2007) (finding that both Sections 1915(e)(2)(B) and 1915A provide a basis for

screening prisoner's complaints).

In reviewing a pro se litigant's complaint, the Court has a duty to liberally construe the

pleadings, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should

exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before*

the adverse party has been served and both parties (but particularly the plaintiff) have had

an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.

at 556).  Although the Court should construe the factual allegations in the light most

favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id*.  "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at

555).  Thus, a pleading that only "tenders naked assertions devoid of further factual

enhancement" will not suffice.  *Id*. (internal quotation marks and alterations omitted).

### B.    Summary of the Complaint

Plaintiff's complaint is not a model of clarity.  *See* Compl.  As explained in Part I of

this Decision and Order, plaintiff's "complaint" has been construed by the Court as including

a document entitled "Notice of Tort Claim for Summary Judgment," *id.* at 1-2, as well as an

"Affidavit in Support [of] Deposition," *id.* at 3-7.  Plaintiff attached a series of documents to

his complaint, as well.  *Id.* at 8-54.  Generally, plaintiff alleges that his incarceration is

unlawful because the Broome County Court, the court in which plaintiff was convicted and

sentenced, had no jurisdiction to adjudicate his crime.  *See, e.g., id.* at 3-4, 9.  As relief,

plaintiff seeks money damages.  *Id.* at 6.

### C.    Analysis

#### 1.  42 U.S.C. § 1983

To the extent that plaintiff seeks money damages for a violation of his constitutional

rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), that provision establishes "a cause of

action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution

and laws' of the United States" by a person acting under color of state law.  *Wilder v.

Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting Section 1983).  "Section 1983 itself

creates no substantive rights; it provides only a procedure for redress for the deprivation of

rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).  To state a

claim pursuant to Section 1983, a plaintiff must allege "(1) 'that some person has deprived

him of a federal right,' and (2) 'that the person who has deprived him of that right acted

under color of state . . . law.'"  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez*

*v. Toledo*, 446 U.S. 635, 640 (1980)).

Plaintiff alleges that he was wrongly convicted, and he seeks damages.  *See*

*generally* Compl.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

a Section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff

would necessarily invalidate a criminal conviction, unless the conviction or sentence had

been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal, or called into question by a federal habeas court.  *Heck*, 512 U.S. at 486-87.

Absent such a showing, an inmate may only seek relief in the federal courts through a

petition for habeas corpus.  *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir.1999).  The

*Heck* Court directed that "when a state prisoner seeks damages in a Section 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff would necessarily

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed

unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated."  *Id.*

Plaintiff's claims for money damages against the defendants would implicate the

validity of plaintiff's conviction.  The information submitted by plaintiff with his complaint does

not clearly establish the invalidity of his conviction. Because plaintiff has not demonstrated

that his conviction or sentence has in any way been invalidated, his claims for monetary

damages are barred by *Heck v. Humphrey*.  *See Perez v. Cuomo*, No. 09-CV-1109, 2009

WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid,

plaintiff's claim for violation of his right to a fair trial is not cognizable under [Section] 1983.").

Accordingly, plaintiff's Section 1983 claims are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).[3]

### 2. Habeas Relief

A plaintiff may not challenge the legality of his conviction through a Section 1983 action and may obtain that relief only by bringing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 490, 494 (1973) (explaining that "the traditional purpose of habeas corpus" is to "attack[] . . . the fact or length of . . . confinement," and if an individual is "seeking something other than immediate or more speedy release," the remedy lies in a different type of action)).

An application for a writ of habeas corpus may not be granted, however, until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  "A [petitioner] may not circumvent the exhaustion requirement for *habeas corpus* relief by [attacking a conviction] in a civil action."  *Crocker v. Bedford Hills Corr. Facility*, No. 19-CV-11401, 2020 WL 6263734, at *4 (S.D.N.Y. Oct. 23, 2020) (citing *Preiser*, 411 U.S. at 489-90).

In this case, plaintiff's complaint and attached exhibits do not reflect that he has complied with the exhaustion requirements for filing a habeas petition pursuant to 28 U.S.C. § 2254.  For that reason, to the extent that plaintiff's complaint could be construed as a

---

[3] "Disposition of the case on *Heck* grounds . . . warrants only dismissal *without* prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of *habeas corpus*.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487) (emphasis in original).

habeas petition, it is dismissed for failure to exhaust the available state court remedies.  *See*

*Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal habeas

petition should be dismissed if the prisoner has not exhausted available state remedies as

to any of his federal claims.").

### D.      Conditional Dismissal With Leave to Amend

A court "should not dismiss [a pro se plaintiff's complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999)

(internal quotation marks omitted).  Accordingly, to the extent plaintiff seeks redress of any

alleged constitutional violation under Section 1983, he is granted leave to file an amended

complaint.  Any amended complaint filed by plaintiff must bear his original signature and

must be a complete pleading that will supersede and replace the original complaint in its

entirety.  The amended pleading must also name one or more defendants and set forth a

short and plain statement of the facts on which he relies in support of his claim that the

individual named as a defendant engaged in misconduct or wrongdoing that violated

plaintiff's constitutional rights.  The amended pleading must also cure the deficiencies

identified with his original complaint, as explained above in Part III.C.1. of this Decision and

Order.

Plaintiff is advised that, if he fails to submit an amended complaint within 30 days of

the filing date of this Decision and Order, the Court will, without further order, enter judgment

dismissing this action without prejudice for failure to state a claim on which relief may be

granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

With respect to any attempt by plaintiff to file a habeas petition in this action pursuant

to 28 U.S.C. § 2254, while courts generally grant pro se plaintiffs an opportunity to amend a

complaint to cure its defects, leave to amend is not required where it would be an exercise

in futility.  *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any

apparent or declared reason–such as . . . futility of amendment–the leave [to amend] sought

should, as the rules require, be 'freely given.'"); *accord, Hill v. Curcione*, 657 F.3d 116, 123

(2d Cir. 2011).  Because the defects in plaintiff's complaint cannot be cured with an

amendment insofar as plaintiff seeks habeas relief, the Court declines to grant plaintiff leave

to amend to file an amended habeas petition.  If plaintiff seeks habeas relief under 28

U.S.C. § 2254, he must file a new action.

## IV.    CONCLUSION

**WHEREFORE** it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 6) is **GRANTED**.[4]  The Clerk shall

provide the superintendent of the prison facility in which plaintiff is currently confined with a

copy of plaintiff's inmate authorization form (Dkt. No. 7), and notify the official that this action

has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00

pursuant to 28 U.S.C. § 1915;[5] and it is further

**ORDERED** that the Clerk shall provide a copy of plaintiff's inmate authorization form

(Dkt. No. 7) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that plaintiff is granted leave to file an amended complaint to assert

---

[4]  Plaintiff should note that, although his IFP application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[5]  While Section 1915 permits indigent litigants to commence a civil action in federal court without prepayment of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through periodic withdrawals from [their] inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris*, 607 F.3d at 21.

claims under 42 U.S.C. § 1983 as set forth above **within 30 days** of the date of this Decision and Order; and it is further

ORDERED that, upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

ORDERED that, in the event plaintiff fails to file a signed amended complaint within 30 days of the date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) without further Order of the Court in light of the complaint's failure to state a claim upon which relief can be granted; and it is further

ORDERED that plaintiff's motion for summary judgment (Dkt. No. 8) is **DENIED without prejudice** as premature; and it is further

ORDERED that the Clerk of the Court serve on plaintiff a copy of this Decision and Order.

**IT IS SO ORDERED.**

Dated: December 22, 2020
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge